# THE COMMISSIONERS OF ELLICOTT CITY

*vs.*

# THE COUNTY COMMISSIONERS OF HOWARD COUNTY.

*Road Laws: Ellicott City; Ch. 836 of Acts of 1914; taxes collected for road repairs not retroactive;*
*statutes, construction.*

The natural meaning of the words, "taxes levied and collected for road purposes," in the connection in which they are used in Chapter 836 of the Acts of 1914, in the revised charter of Ellicott City, is the taxes *to be expended* in the maintenance and construction of the public roads; the language has reference to *taxes levied for the future construction and maintenance of the roads.*                    p. 583

The provisions in the Act of 1914 relating to the division of the Howard County road taxes between County Commissioners of Howard County and the Commissioners of Ellicott City, do not relate to such taxes raised for the repair of roads that had been made before the Act went into effect.                    p. 584

While the salary of the Road Superintendent is money expended for road purposes, the Commissioners of Ellicott City are not entitled to any part of it under the above provisions of the Act of 1914.                    pp. 582-583

Statutes are not to be given a retroactive effect unless the words used are so clear, strong and imperative that no other meaning can be given them, or unless the intention of the Legislature could not be otherwise satisfied.                    p. 584

*Decided January 14th, 1916.*

An appeal from the Circuit Court for Howard County. (FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*James Clark,* for the appellant.

*Edward M. Hammond* (with whom was *Reuben D. Rogers* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

The bill in this case was filed by the Commissioners of Ellicott City, Howard County, Maryland, against the County Commissioners of Howard County to recover one-half of the taxes levied and collected for road purposes upon the assessable property within the corporate limits of the town of Ellicott City in the year 1914.

Section 81-L of the Act of 1914, Chapter 836, entitled "An Act to revise the Charter of Ellicott City," &c., which was approved April 21st, 1914, and took effect from the date of its passage, provides:

> "It shall be the duty of the County Commissioners of Howard County to pay over annually to the Commissioners of Ellicott City one-half of the amount of taxes levied and collected annually for road purposes by the said County Commissioners upon the assessable property, liable to taxation, within the corporate limits of the town of Ellicott City."

The bill alleges that the County Commissioners of Howard County,

> "in the month of June, 1914, made a levy of taxes, amounting to one hundred and twenty-three thousand,

five hundred and forty-five and 85/100 dollars ($123,-
545.85), upon the assessable property in Howard
County, for its general expenses, and included in said
levy the following items:

| | |
|---|---:|
| "General Road Fund | $21,000.00 |
| "Old Frederick Road | 4,067.88 |
| "Rover Road | 300.83 |
| "St. John's Lane | 8,065.26 |
| "Vineyard Road | 1,000.00 |
| "Warfield Highway | 1,900.00 |
| "Triadelphia Road | 665.58 |
| "Road Superintendent's Salary | 1,200.00 |
| "Total of said items | $38,199.65," |

that each of the several items referred to were levied for
*road purposes* within the meaning of section 81-L of the Act
of 1914, but that the defendants insist that the item of
$21,000.00, for "General Road Fund," and the item of
$1,000.00, for the Vineyard Road, are the only items subject
to the provisions of section 81-L, and that the amount due
plaintiff on account of said last mentioned items has been
settled for.

The bill then alleges:

"6.   That the said sum of four thousand, sixty-
seven and 88/100 dollars ($4,067.88) levied for the
'Old Frederick Road' as aforesaid, was levied for the
purpose of partially reimbursing Jere H. Wheel-
wright for moneys advanced by him, to the defendant,
in the year 1913, for the purpose of the building by
the defendant, of a road lying in said County, and
known as the 'Old Frederick Road,' said road having
been built in the summer of 1913, under a contract
made between the County and Forsythe, Clark & Com-
pany, Contractors.

"7.   That the said sum of three hundred and 81/100
dollars ($300.83) levied for the 'Rover Road' as afore-
said, was levied for the purpose of paying to the con-
tractors doing the work, the County's part of the cost

of certain improvements made by the defendant in the summer of 1913, to a road lying in said County, and known as the 'Rover Road,' said improvements having been made under a contract between said County and W. Sewell Frizzell and others, contractors, said contract having been entered into subsequent to the making by the defendant, of its levy of taxes for the year 1913.

"8. That the said sum of eight thousand, sixty-five and 26/100 dollars ($8,065.26) levied for the 'St. John's Lane' as aforesaid, was levied for the purpose of paying to the contractors doing the work, the County's share (forty per centum) of the cost of building, in the fall of 1913, and spring of 1914, a road lying in said County and known as the St. John's Lane, said road having been built by the County and State jointly under the provisions of Sections 67 to 78, inclusive, of Article 91 of Bagby's Code, and known as the 'Shoemaker Road Law,' and under a contract between the defendant and Forsythe, Clark & Company, contractors, said contract having been entered into subsequent to the making by the defendant, of its levy of taxes for the year 1913.

"9. That the said sum of nineteen hundred dollars ($1,900.00) levied for the 'Warfield Highway' as aforesaid, was levied for the purpose of partially paying a balance due the contractor doing the work, for the county's share (forty per centum) of the cost of building, several years ago, a road lying in said county, and known as the 'Warfield Highway,' said road having been built by the county and State jointly, under the provisions of Sections 67 to 78, inclusive, of Article 91 of Bagby's Code, and known as the 'Shoemaker Road Law,' and under a contract between the defendant and Edwin Warfield, Contractor.

"10. That the said sum of six hundred sixty-five and 68/100 dollars ($665.68) levied for the 'Triadelphia Road' as aforesaid, was levied for the purpose of paying a balance due by the defendant on the purchase

price of a turnpike road lying in said county, known as the 'Triadelphia Road,' and purchased by the defendant, several years ago, from the Triadelphia Turnpike Company.

"11. That the said sum of twelve hundred dollars ($1,200.00) levied as aforesaid for the 'Road Superindent's salary,' was levied for the purpose of paying the salary for the year 1914, of G. Hunter Sykes, road superintendent of said Howard County, employed by the defendant under the provisions of the Act of 1912, Chapter 666, and the Act of 1914, Chapter 33."

The County Commissioners demurred to the bill and this appeal is from the decree of the lower Court sustaining the demurrer and dismissing the bill.

The bill clearly shows that all of the items in dispute, except the item of $1,200.00 for the road superintendent's salary, were levied by the County Commissioners to meet obligations incurred for work done on the public roads of the county prior to the Act of 1914, and the only question involved in the case is, does the language of the Act, "taxes levied and collected annually for road purposes," when properly construed, include taxes levied for the purpose of meeting such obligations and paying the salary of the road superintendent? We think this question was clearly answered in the opinion of the learned Court below, where it is said: "There is nothing in this section, or Act, which gives the slightest reason to believe that the General Assembly intended it to apply to any levies, except those for road purposes made after the passage of the Act. And it is only a fair construction of it that it was only intended to apply to money to be expended on the roads in the future, and not to money to be expended in the discharge of obligations incurred before the Act was passed, even though those obligations were on account of roads. The bill shows that the items in question were for obligations incurred and existing, and for work done upon roads built before the Act was

passed, some of them several years. They were outstanding obligations for which the defendant had bound itself by contract long before this Act was thought of. * * * Suppose, as a fair test, that the defendant had borrowed the money from a bank and paid these obligations promptly as the work was done, and then levied for funds to repay the bank, could it possibly be said that this act gives the plaintiff any right to any part of that fund so levied? Surely it could not. That is practically the situation in this case. This money was advanced in some instances, and not demanded in others, when it was due. * * * The last item claimed is for the Road Superintendent's Salary for 1914. And while it is perfectly true that he has charge of highways aand bridges, subject to certain restrictions, he is, nevertheless, a duly appointed, qualified and bonded officer holding office for a definite term of years. His salary is stipulated and annually levied for as such. It is impossible for this Court to believe that it was ever the intention of the General Assembly to provide for a part of his salary being paid over to Ellicott City, and thereby require the defendant to levy an additional amount to meet that deficit."

The natural meaning of the words, *taxes levied and collected for road purposes,* in the connection in which they are used in the Act, is taxes *to be* expended in the maintenance and construction of the public roads. The language used obviously refers to taxes levied for their *future* maintenance and construction. That this is the proper construction is further indicated by the provision of section 81-L with reference to the disposition of that part of the taxes paid to the Commissioners of Ellicott City. It provides: "The Commissioners of Ellicott City shall set this amount of money aside as a special fund to be used for repairing, maintaining and building roads, streets, avenues. lanes, alleys, sidewalks and bridges within the corporate limits of Ellicott City; and, in the discretion of said Commissioners, for the redemption of any bond hereafter issued on the credit of said city." The

words "to be used for repairing," &c., impliedly restrict the use of the fund to repairs, &c., *to be made.*

To give the Act the construction contended for by the appellant would do violence to the well recognized rule in this State. In the case of *Chilton* v. *Brooks*, 71 Md. 445, the Court said: "It has frequently been decided, both in England and in this State, that a statute ought not to have a retroactive effect given to it, 'unless its words are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied; and especially ought this rule to be adhered to when such a construction would alter the pre-existing situation of the parties, and affect or interfere with their antecedent rights.'" There is nothing in the Act to indicate that the Legislature intended the provision referred to to apply to taxes levied for the purpose of enabling the County Commissioners to pay for the repairs, &c., of the public roads made before the Act went into effect, and we would not, therefore, be justified in giving it such a construction.

While the salary paid the road superintendent is in a sense money expended for road purposes, it would be rather a forced interpretation of the Act to hold that the Commissioners of Ellicott City are entitled to a part of the taxes levied for its payment.

It follows from what has been said that the decree of the Court below must be affirmed.

*Decree affirmed, with costs to the appellee.*